**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| MEG A. VOLKER,<br><br>  Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations,[1]<br><br>  Defendant. | No. C17-2025-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.   INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, Chief United States Magistrate Judge. *See* Doc. No. 17. Judge Williams recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner) denying Volker's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. (the Act).  Neither party has objected to the R&R. The deadline for such objections has expired.

---

[1] On March 6, 2018, the Government Accountability Office stated that as of November 17, 2017, Nancy Berryhill's status as Acting Commissioner violated the Federal Vacancies Reform Act (5 U.S.C. § 3346(a)(1)). U.S. Gov't Accountability Off., GAO-B-329853, Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998—Commissioner, Social Security Administration (2018).  As of that date, Berryhill was not authorized to serve using the title of Acting Commissioner.  Therefore, as of November 17, 2017, she has been leading the agency from her position of record, Deputy Commissioner of Operations. For simplicity, I will continue to refer to the defendant as "the Commissioner" throughout this order.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe*

*v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court

judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Volker applied for disability insurance benefits on February 10, 2014, alleging disability beginning May 24, 2012,[2] due to neck pain from degenerative disc disease. AR 450. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Volker was not disabled as defined in the Act. Volker argues the ALJ erred in determining that she was not disabled because:

1. Failing to properly evaluate treating source statements

2. Not evaluating her migraines and severe headaches as impairments

3. Not finding her disabled under the medical-vocational guidelines

4. Assessing Volker with a residual functional capacity (RFC) that was not supported by substantial evidence on the record as a whole

---

[2] While Volker alleged her disability began on May 24, 2012, the ALJ noted she had previously filed an application for disability benefits, which resulted in an unfavorable decision on June 28, 2012. Therefore, the ALJ concluded that consideration for the current matter was limited to the time period beginning June 29, 2012. AR 11 (citing 20 C.F.R. § 404.957(c)(1)).

4

*See* Doc. No. 13. Judge Williams addressed each argument separately.

With regard to the ALJ's evaluation of the treating source statements, Volker argues the ALJ should have given more weight to the opinions of Roberta Mittelsted, A.R.N.P., CMC, based on the lengthy treatment relationship, support in the record and the consistency of her opinions. Judge Williams noted that as a nurse practitioner, Mittelsted is considered an "other medical source." *See* Doc. No. 17 at 8. This means her opinion is not entitled to controlling weight, but is evaluated based on various factors, such as the treatment relationship, length of the relationship, frequency of examination, supportability and consistency. *Id.* (citing *Blackburn v. Colvin*, 761 F.3d 853, 859 (8th Cir. 2014)).

The ALJ discounted Mittelsted's opinions because: (1) they were inconsistent with her own treatment notes, (2) "relie[d] on complete acceptance of the claimant's allegations concerning the existence, persistence and intensity of symptoms and functional limitations," which the ALJ separately discounted and (3) were inconsistent with other evidence in the record. *Id.* at 9 (citing AR 16). Judge Williams explained that for some of Mittelsted's findings related to Volker's abilities to lift and/or carry, she wrote: "Significant complaints of neck pain & left arm burning pain" as evidence of those findings. *Id.* at 10 (citing AR 1046). These findings were clearly based on Volker's subjective allegations and Judge Williams noted Volker did not contest the ALJ's finding that Volker's July 2015 complaints of pain and weakness were unsupported by Mittelsted's examinations. *Id.* Volker also did not contest the ALJ's findings that Mittelsted's opinions were internally inconsistent, inconsistent with other evidence in the record and, at times, reflected Volker's own subjective allegations as reported to Mittelsted. Judge Williams concluded that the ALJ properly discounted the weight given to Mittelsted's opinions. *Id.* at 10-11.

Next, Judge Williams considered the ALJ's analysis (or lack thereof) of Volker's migraines and severe headaches as impairments. First, he observed that many of Volker's

5

treatment records referencing headaches pre-dated Volker's alleged disability onset date. *Id.* at 11. He noted that the ALJ who decided Volker's previous disability application had considered these treatment records and that Volker had presented no new evidence that the condition had worsened, which would require the ALJ to consider these pre-alleged onset date records. *Id.* (citing *Pirtle v. Astrue*, 479 F.3d 931, 934 (8th Cir. 2007)). The only reference to her headaches after the alleged onset date was in an opinion from Mittelsted. Mittelsted opined that Volker needed to move every 10 minutes and alternate positions because sitting for six hours out of an eight-hour day would "increase [headaches] & neck pain." *Id.* (citing AR 1046). She further opined that working would most likely increase the frequency of Volker's headaches, even though Volker represented she was having headaches every day. *Id.* (citing AR 1047). Judge Williams noted he had already found that the ALJ properly discounted Mittelsted's opinions and noted that Mittelsted had even acknowledged that this particular opinion was influenced by Volker's own reports. Because the ALJ had provided good reasons for discounting the only opinion evidence within the relevant time period concerning Volker's headaches, Judge Williams concluded the ALJ did not err in failing to consider these headaches and migraines as impairments. *Id.* at 12.

Judge Williams then addressed Volker's argument that the ALJ should have found her disabled under the medical vocational guidelines, specifically 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.14. *Id.* Volker argues she meets the requirements of Rule 201.14 based on her migraines and severe headaches as well as the medications she takes, which limit her ability to perform work as assessed by the ALJ in the RFC. *Id.* Judge Williams relied on his previous finding that the ALJ did not err in assessing Volker's migraines and severe headaches. With regard to her medications, he stated Volker failed to explain how they limit her ability to work. *Id.* The only support Volker provided was a statement from Mittelsted that Volker must take "narcotic medication which interferes [with] her ability to function," and consequently, renders her unable to

work on a sustained basis. *Id.* at 12-13 (citing Doc. 13, at 18; AR 989). Judge Williams listed multiple reasons why the ALJ properly rejected this opinion. First, it was rendered one week prior to Volker's alleged onset date. Second, the ALJ properly discounted it for the same reasons he discounted Mittelsted's other opinions. Third, Mittelsted provided no support for the assertion. Finally, Judge Williams noted this type of opinion invades the Commissioner's role to make the ultimate disability determination. *Id.* at 13. Judge Williams concluded that based on these considerations alone, Volker did not meet Rule 201.14. However, he went on to consider the particular requirements.

Rule 201.14 provides that an individual "closely approaching advanced age" who has at least a high school education that does not provide for direct entry into skilled work, and who has previous skilled or semiskilled work experience, but is unable to transfer those skills to other employment, should be found disabled. *Id.* Under Rule 201.15, an individual who has all the same criteria and is able to transfer skills to other employment should not be found disabled. *Id.*

Here, the parties agree that Volker is closely approaching advanced age and has a college education. *Id.* at 14. The Commissioner states it is unknown whether Volker's education provides for direct entry into skilled work. In any event, the parties disagree as to the final requirement regarding the transferability of skills. *Id.* Judge Williams noted that the ALJ concluded that Volker's past relevant work in maintaining records constitutes a transferable skill and Volker did not challenge this finding. *Id.* Volker's only basis for the application of Rule 201.14 is that her headaches, migraines and medication preclude her from performing any work. *Id.* Because Judge Williams concluded the ALJ did not err in rejecting this limitation, he found Rule 201.14 did not apply.

Finally, Judge Williams addressed Volker's argument that the ALJ's decision is not supported by substantial medical evidence on the record as a whole. Judge Williams began his analysis by noting that some medical evidence must support the ALJ's decision,

7

but there is no requirement that an RFC finding be supported by a specific medical opinion. *Id*. He then addressed Volker's argument that the opinions of Mittelsted and Keith Barnhill, A.R.N.P., support a different RFC than the one provided by the ALJ. *Id*. at 15.

With regard to Mittelsted, Judge Williams referred to his previous analysis. He noted that Barnhill's opinions are evaluated similarly because he is also a nurse practitioner. *Id*. He emphasized that the question was not whether the ALJ should have adopted the restrictions set forth by either practitioner, but whether the ALJ's decision was supported by some medical evidence on the record. He found that it was based on claimant's own reported symptoms and the opinions of two reviewing physicians. *Id*. (citing *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (upholding an ALJ's decision of no disability that was supported by the opinions of state agency consultants rather than treating or examining sources). For all of these reasons, Judge Williams recommends that I affirm the ALJ's decision.

## IV.   DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards in evaluating the treating source statements, Volker's alleged impairments, the applicability of the medical-vocational guidelines and whether the RFC was supported by substantial evidence in the record as a whole. Based on my review of the record, I find no error – clear or otherwise – in Judge Williams' recommendation. As such, I adopt the R&R in its entirety.

## V.   CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' R&R (Doc. No. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Williams' recommendation, the Commissioner's determination that Volker was not disabled is **affirmed**.
3. Judgment shall enter in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 20th day of June, 2018.

_____
Leonard T. Strand, Chief Judge